Liston E. Zander v. Commissioner. Mary Katharine Zander v. Commissioner.
Zander v. Commissioner
Docket Nos. 9794, 9795.
United States Tax Court
1947 Tax Ct. Memo LEXIS 39; 6 T.C.M. (CCH) 1205; T.C.M. (RIA) 47303; November 12, 1947
Arthur W. Mueller, Esq., for the petitioners. Stanley B. Anderson, Esq., for the respondent. JOHNSON Memorandum Findings of Fact and Opinion JOHNSON, Judge: The Commissioner determined deficiencies of $3,005.22 and $6,335.92 in income taxes of Liston E. Zander for 1941 and 1943, respectively, and deficiencies of $3,005.21 and $6,293.97 in income taxes of Mary Katharine Zander for 1941 and 1943, respectively, in part by including in the community income, taxable one-half to each, a portion of the income of a business which was credited to trust accounts under declarations of trust and articles of partnership whereby Liston E. Zander purported to operate the business in partnership with himself as trustee for his minor children. Petitioners *40 assail the Commissioner's determination that they are taxable on all income from the business as community property. The proceedings were consolidated for hearing. Findings of Fact Petitioners, husband and wife, residing at San Antonio, Texas, filed their income tax returns for 1941 and 1943 with the collector of internal revenue for the first district of Texas. They were married in 1925 and have three children: a daughter born in 1927 and two sons born in 1930 and 1931, respectively. In 1936 the husband established an automobile finance business under the trade name of Liston Zander Credit Co. with funds of the community, and has since actively engaged in the operation of that business at San Antonio with two office assistants. He also owns a two-thirds interest in a similar business known as the Nueces Credit Co., which is operated as a partnership at Corpus Christi and is managed by his cousin and partner, one Douglas. In 1941 the Liston Zander Credit Co., of which petitioner (hereinafter referring to the husband) was sole owner, had an invested capital of $105,000, and was able to borrow from banks between $250,000 and $300,000 more for making loans to automobile purchasers. *41 The business was earning about 20 percent on invested capital and a profitable year was anticipated. After some discussion petitioner and his wife decided that a 20 percent interest in the business should be given to each of the children who were then minors attending school. Petitioner was also mindful of a possible saving of estate taxes, although he and his wife were 49 and 45 years of age, respectively, and were in good health. On advice of counsel three trust instruments were prepared which petitioner and his wife, as donors, and petitioner, as trustee, signed and acknowledged before a notary on July 29, 1941. By each of these instruments the donors irrevocably conveyed to petitioner as trustee an undivided 20 percent interest in all assets of the Liston Zander Credit Co., as shown on an attached statement, to be held for the benefit of a designated child. The trustee was empowered to encumber, sell, lease or otherwise dispose of all or any part of the trust estate; to collect debts, and invest and reinvest trust property, "including the operation of any business," as he should deem proper; "to engage in any business or business ventures which the trustee may deem expedient, *42 whether as sole owner, partner (either general or limited) or as subscriber to the capital stock of a corporation," and to do any and all other things reasonably necessary in exercising his powers. The trustee was made responsible for reasonable care in the performance of his duties and was authorized to retain the properties constituting the original trust estate or any received therefor in exchange or extension. The donors declared their intention that the principal be conserved and that the trust not be used to discharge their parental duty of support. The trustee was authorized to accumulate net income or to distribute it to the beneficiary as he should deem best, a minimum distribution of $100 a month being required after a beneficiary should reach the age of 21 years. In case of the beneficiary's illness or other emergency, the trustee could make advances either of income or principal. Petitioner, while acting as trustee, was not required to distribute corpus during his lifetime but was permitted to do so when the beneficiary should reach the age of 21 years. A substitute trustee, to be named in case of petitioner's death, resignation or inability to serve, was given the same *43 powers, but was required to distribute one-third of corpus to each of the two beneficiary sons as each should reach the ages of 25, 30 and 35; there was no such requirement in the case of the daughter. The Frost National Bank of San Antonio was designated substitute trustee by the instruments, but petitioner reserved the power to change and name the substitute during his lifetime and by will. Upon the death of a beneficiary before termination of the trust for his benefit, the trust property became distributable to his surviving bodily issue, or if none, then to the other two trusts, or if terminated, to the beneficiaries of them in equal shares. By other provisions the trustee was required to render an annual statement to the beneficiary and was entitled to an annual fee of 3/4 percent of principal or more for his services. On the same day that petitioner and his wife executed the three trust instruments, petitioner also signed articles of partnership as an individual and as trustee for each of the three trusts. By this instrument the parties purported to associate themselves as partners in the operation of a general automobile finance business at San Antonio under the trade name *44 of Liston Zander Credit Co. It was recited that petitioner had contributed 40 per cent of the operating capital; each trust 20 per cent, such contributions representing "an undivided interest of that amount owned by each of the partners in the assets of a business" formerly owned by petitioner, and it was provided that all profits be divided proportionately to the capital contributions. The partnership was to be terminated by the death of petitioner or of a trust beneficiary, by petitioner's withdrawal as trustee, by any beneficiary's disposition of his interest in the trust or partnership, by termination of a trust, or by 30 days' notice of a partner. Upon dissolution of the partnership the partners were entitled to an undivided interest in the assets equal to their respective participating interests. Petitioner filed notice that the partners were doing business under the name of Liston Zander Credit Co.; a certificate to this effect was issued by the County Clerk of Bexar County, Texas, on September 6, 1941, and notice was likewise given to banks, credit agencies and the public generally. Under date of June 30, 1941, petitioner's capital account on the books of the business was *45 charged with $54,465.09, and one-third thereof, or $18,155.03, was credited to a new account opened for each of the three trusts. Thereafter profits of the business were credited 40 percent to petitioner's account and 20 percent to each of the trusts' accounts at the end of each year until 1946. Total profits were $18,043.28 for the last six months of 1941; $19,229.27 for 1942; $23,269.10 for 1943. Petitioner made no distributions to the trusts other than by credit, feeling that more profit could be made by leaving the money in the business. In 1943, however, $313.50, $225.75 and $225.58 was expended for the children's education and lesser amounts for dental bills. These were charged against their respective trust accounts. For the years 1941-3 no separate books were kept for the trusts. In addition to 40 percent of the profits petitioner also received a salary of $1,000 a month for the last six months of 1941 and of $10,000 a year for 1942 and 1943. After July 1941 petitioner continued as before to manage the business, spending most of his time in contacting car dealers for new business, in advertising and in enhancing good will. His wife and children performed no services. After *46 the Commissioner of Internal Revenue had questioned the status of the trusts as separate taxable entities, petitioner, on March 31, 1945, resigned as trustee in favor of the Frost National Bank under a limited partnership agreement whereby the bank as trustee purported to become a special partner in the business. Thereafter profits credited to the trusts were deposited in separate bank accounts. After negotiations lasting a month petitioner acquired from the bank as trustee the trusts' interests in the business, paying $96,000, or $32,000 for each. This figure represented the book value of each plus $1,000. Petitioner retained no control over the funds so paid. For 1941 petitioner and his wife filed gift tax returns, each reporting $31,519.20, or a total of $63,038.40, as the value of property given to the trusts. The Commissioner determined the value to be $48,744.60 as to each, and assessed against each a gift tax of $144.29, which was paid on August 11, 1943. In their income tax returns for 1941 and 1943 petitioner and his wife did not report as community income $11,820.69 and $15,486.33, respectively, representing profits of the Liston Zander Credit Co., attributed to the trusts. *47 The Commissioner added these amounts to the incomes reported under a determination that petitioners were taxable on the whole income of the business because there was retained "complete ownership in the community assets and business transferred in trust and thence to the so-called partnership." Opinion Petitioners assail the Commissioner's determination, contending that completed gifts of partnership interests were made to the trusts in 1941 and that they did not retain such control over the trust property or income therefrom as to constitute them in substance the owners thereof within the purview of the doctrine enunciated by the Supreme Court in Commissioner v. Tower, 327 U.S. 280, and Lusthaus v. Commissioner, 327 U.S. 293. We have given careful consideration to their contentions and to the cases cited by them, but are of the opinion that the facts established support a finding that the transfers of interests in the business to petitioner as trustee of the three trusts for each of his three minor children represented nothing more than a reallocation of income among the members of a family group and that the income attributed to the trusts in 1941 and *48 1943 was properly included by the Commissioner in the community income of petitioner and his wife under section 22 (a), Internal Revenue Code. Petitioner in 1941 had operated the business as a sole proprietorship for several years. Under the trust instruments and the articles of partnership no new capital was contributed; no change in petitioner's management and control over assets was brought about; no services were rendered by the children, still minors of school age, and no income was distributed to them during the taxable years or withdrawn from the business for them except negligible amounts for tuition and dental bills in 1943. There was hence no change in petitioners' economic position as a result, and no business purpose was served by the arrangement. Petitioner merely sought to channel income derived from his capital and services to members of his family who contributed nothing to the production of that income, which was, moreover, entirely subject to his control. Under such circumstances he may not escape tax on the income so channelled, Dawson v. Commissioner (C.C.A., 6th Cir.), 163 Fed. (2d) 664, decided September 22, 1947; Eisenberg v. Commissioner (C.C.A., 3rd Cir.), 161 Fed. (2d) 506; *49 Bradshaw v. Commissioner (C.C.A., 10th Cir.), 150 Fed. (2d) 918; Losh v. Commissioner (C.C.A., 10th Cir.), 145 Fed. (2d) 456, regardless of the validity of the transfers under state law, Commissioner v. Tower, supra; Durwood v. Commissioner (C.C.A., 8th Cir.), 159 Fed. (2d) 400; Schroder v. Commissioner (C.C.A., 5th Cir.), 134 Fed. (2d) 346. See also Wilson v. Commissioner (C.C.A., 4th Cir.), 161 Fed. (2d) 556; Scherf v. Commissioner (C.C.A., 5th Cir.), 161 Fed. (2d) 495; Bradshaw v. Commissioner, supra; M. M. Monroe, 7 T.C. 278; P. A. Keenan, Sr., 5 TC 1371. Petitioner argues in the alternative that if the control retained by him over the partnership assets subjects him to tax on half of the income credited to the trusts, his wife, having no such control, is not subject to tax on the other half. There is no factual basis for this argument because the wife did not purport to be a partner either before or after the transfers. She did not sign the articles of partnership and no account for her was set up on the books of the business. Her interest in the *50 income is founded on the Texas law of community property, not on contract. There was no prior gift of specific assets to the trusts or to the children, such as appeared in Thomas v. Feldman (C.C.A., 5th Cir.), 158 Fed. (2d) 488, and the trust instruments, purporting to convey an undivided interest in assets of the business, related only to community property, over all of which the husband continued to exercise the control which he had exercised before. Petitioners contend further that in any event a fair return on trust property or at least on trust income theretofore credited, used by petitioner in the business during the taxable years should not be taxed to them. While true that in 1945 trust income was withdrawn from the business and deposited in separate bank accounts after petitioner had resigned as trustee, that subsequent change is not a proper factor of consideration in deciding the taxable status of the alleged partners in the taxable years. Eisenberg v. Commissioner, supra. Being of opinion that the trust instruments and articles of partnership were merely an attempt to reallocate income among members of a family group without changing either *51 petitioner's prior economic relation thereto, we can not recognize them as effective for channelling any income to the trusts in 1941 and 1943. Decisions will be entered for the respondent.